J-S20044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| ESTATE OF AKRAM DARWISH, AND MOHANED DARWISH | : IN THE SUPERIOR COURT OF : PENNSYLVANIA |
| v. | : : : : : |
| RAYMOUR AND FLANIGAN DISTRIBUTION CENTER, RAYMOUR AND FLANIGAN FURNITURE, INC., ADAM RAZICK, C&V TRUCKING, INC., J STREET CAFE, INC., JOSE SANCHEZ, AND MARIA DIAZ | : : No. 2613 EDA 2025 : : : : : |
| APPEAL OF: ESTATE OF AKRAM DARWISH | : : |

Appeal from the Order Entered September 9, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 231001524

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 29, 2026**

Appellant, the Estate of Akram Darwish and Mohaned Darwish, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion for summary judgment filed by Appellees, Raymour and Flanigan Distribution Center and Raymour and Flanigan Furniture, Inc. (collectively "Raymour"). We quash the appeal.

The relevant facts and procedural history of this case are as follows. On

October 13, 2023, Appellant[1] filed a complaint against Adam Razick, C&V Trucking, Inc. ("C&V"), J Street Café, Inc., Jose Sanchez, Maria J. Diaz, Raymour and Flanigan Distribution Center, and Raymour and Flanigan Furniture, Inc.  The complaint asserted that Akram Darwish ("Decedent"), who was a passenger in a vehicle that was operated by Adam Razick, was killed when the vehicle struck a parked trailer truck that was owned and operated by C&V.  The parked trailer truck contained old mattresses that had been picked up from Raymour's warehouse.  On January 10, 2025, J Street Café, Inc., Jose Sanchez, and Maria J. Diaz, were dismissed from the action by stipulation of all parties.

Raymour filed a motion for summary judgment on April 7, 2025, asserting that Appellant failed to establish that Raymour was directly or vicariously liable for Decedent's death.  On September 9, 2025, the court granted Raymour's motion for summary judgment and dismissed all claims against Raymour.  On September 16, 2025, Appellant filed a petition for court approval of a settlement reached between Appellant and C&V.  Appellant further filed a motion to reconsider the court's grant of Raymour's motion for summary judgment on September 30, 2025.  Before the court ruled on Appellant's petition for approval of settlement and motion for reconsideration, Appellant filed a notice of appeal on October 3, 2025 from the court's

_____

[1] Mohaned Darwish, the brother of Akram Darwish and the administrator of the Estate, brought the action individually and in his capacity as administrator of the Estate.

- 2 -

September 9, 2025 order granting Raymour's motion for summary judgment. On October 20, 2025, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on November 6, 2025.

Appellant raises the following issues for our review:

Did the trial court make errors of law and/or abuse discretion in granting [Raymour's] motion for summary judgment, where the evidence shows that [Raymour's] negligence caused the death of [Decedent]?

Did the trial court make errors of law and/or abuse discretion in granting [Raymour's] motion for summary judgment, where the evidence shows that [Raymour] hired and used an incompetent contractor/agent to remove its [old mattresses]?

Did the trial court make errors of law and/or abuse discretion in granting [Raymour's] motion for summary judgment, where [Appellant] established through an expert report that [Raymour] violated their own internal policies and rules regarding the removal of dead bedding by hiring [C&V]?

Did the trial court make errors of law and/or abuse discretion in granting [Raymour's] motion for summary judgment, where [Appellant] established that [Raymour] willingly stayed ignorant regarding [C&V's] removal process and lack of safety precautions?

(Appellant's Brief at 4-5).

Preliminarily, we must determine whether this appeal is properly before us. Appellant challenges the appealability of the September 9, 2025 summary judgment order in favor of Raymour. It is well-settled that "the appealability of an order directly implicates the jurisdiction of the court asked to review the

order." ***Knopick v. Boyle***, 189 A.3d 432, 436 (Pa.Super. 2018) (citation omitted). "Generally, [f]or an order to be appealable, it must be (1) a final order, (2) an interlocutory order appealable by right or permission, or (3) a collateral order." ***Dovin v. Honey Brook Golf Club L.P.***, 325 A.3d 1282, 1287-88 (Pa.Super. 2024) (citations omitted; brackets in original).

Pennsylvania Rule of Appellate Procedure 341 concerns final orders and provides:

**Rule 341. Final Orders; Generally**

**(a) General Rule.** Except as prescribed in subdivisions (d) and (e), an appeal may be taken as of right from any final order of a government unit or trial court.

**(b) Definition of Final Order.** A final order:

(1) disposes of all claims and of all parties;

(2) (Rescinded);

(3) is entered as a final order pursuant to subdivision(c); or

(4) is an order pursuant to subdivision (f) [Post Conviction Relief Act orders].

**(c) Determination of Finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims

and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) An application for a determination of finality under subdivision (c) shall be filed within 30 days of entry of the order. During the time an application for a determination of finality is pending, the action is stayed.

(2) Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

(3) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.

Pa.R.A.P. 341(a)-(c).

"[I]n an action involving multiple defendants...an order granting summary judgment as to one party is treated as appealable as of right only after the disposition of claims involving the remaining parties." *B.K. ex rel. S.K. v. Chambersburg Hospital*, 834 A.2d 1178, 1181 (Pa.Super. 2003), *appeal denied*, 577 Pa. 705, 847 A.2d 1276 (2004) (citation omitted). "A trial court order declaring a case settled as to all remaining parties renders prior grants of summary judgment final for Rule 341 purposes, even if the prior orders entered disposed of fewer than all claims against all parties." *Gutteridge v. A.P. Green Services., Inc.*, 804 A.2d 643, 650 (Pa.Super. 2002), *appeal denied*, 574 Pa. 748, 829 A.2d 1158 (2003).

Instantly, the September 9, 2025 summary judgment order was not a final order because it did not dismiss all claims against all parties. *See* Pa.R.A.P. 341(b). Rather, the order only dismissed all claims against Raymour. Appellant still had outstanding claims against C&V and Mr. Razick. Appellant did not file an application for a determination of finality pursuant to Pa.R.A.P. 341(c) and the court did not issue a determination of finality as to render the order appealable. As such, Appellant could only appeal the summary judgment order after the disposition of all remaining claims against all remaining parties. *See B.K. ex rel. S.K., supra*.

Although Appellant had filed a petition for court approval of a settlement reached between Appellant and C&V, at the time that Appellant filed the notice of appeal, the court had not yet approved the settlement of claims against C&V. *See Gutteridge, supra*. *See also Pennsylvania Orthopaedic Society v. Independence Blue Cross*, 885 A.2d 542, 546 (Pa.Super. 2005), *appeal denied*, 586 Pa. 771, 895 A.2d 1262 (2006) (holding that order which only preliminarily approved settlement agreement was not final order from which appeal could be taken). Further, the claims against Mr. Razick were still outstanding at the time Appellant filed the appeal. As such, the September 9, 2025 summary judgment order was interlocutory at the time

Appellant filed the notice of appeal.[2]  Accordingly, the instant appeal is taken from a non-appealable interlocutory order, and we quash the appeal.[3]  *See Dovin, supra*.

Appeal quashed.

_____

[2] After Appellant filed the notice of appeal, the court approved the settlement with C&V on December 12, 2025.  On January 6, 2026, Appellant filed a petition for approval of settlement with Mr. Razick.  The certified record does not indicate when or if the court approved the settlement with Mr. Razick.  Raymour represents in its brief that the court approved the settlement on March 23, 2026, and attached a copy of the court's order.  As such, all claims against all remaining parties have presumably been resolved since the filing of the notice of appeal.  Nevertheless, we may not treat the notice of appeal as properly filed pursuant to Pa.R.A.P. 905(a)(5), which provides that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."  Pa.R.A.P. 905(a)(5).  This Court has previously stated that Rule 905(a)(5) "does not abrogate the requirements of finality.  Rather, it is applied in those situations where an appeal is filed after a trial court makes a **final** determination, but before the official act of entering judgment has been performed."  *Pennsylvania Orthopaedic Society, supra* at 546 (rejecting argument that Rule 905(a)(5) mandates that notice of appeal from order preliminarily approving settlement should be considered timely and properly filed from subsequent final order because order preliminarily approving settlement was not announcement of final determination) (emphasis added).  Here, the summary judgment order from which Appellant appealed did not announce a final determination in this case because it did not dismiss all claims against all parties.  Thus, Rule 905(a)(5) is inapplicable here.

[3] Further, an order granting summary judgment is not included in the list of interlocutory orders that are appealable as of right under Pa.R.A.P. 311.  Appellant also did not seek permission to appeal pursuant to Pa.R.A.P. 312.  Finally, Appellant presents no claim that the summary judgment order is appealable as a collateral under Pa.R.A.P. 313.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/29/2026</u>